PORTER JAMES WILLIS V. STATE

No. 27,136.   November 10, 1954

*G. F. Steger,* Columbus, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the theft of a $30 radio, with punishment assessed at a fine of $500 and two years in jail.

On the morning of May 7, 1954, Koerth, an employee in the store of Henry Sanders, was engaged in waiting upon a cus-

tomer, Harvey Albers. In the store at the time were four Negro women and a Negro man, two of whom asked Koerth to show them some used refrigerators. The other members in the group were "roaming the store," in the course of which they were "looking over the radios in the store." Shortly thereafter, the five Negroes left the store, got into a 1952 Mercury automobile parked near the bus of the witness Albers, and drove away.

Becoming suspicious, Albers wrote down and thereafter gave the license number of the automobile to Sanders, the owner of the store. Sanders made a check of the merchandise in the store and, upon discovering a radio was missing, notified the sheriff's office at Brenham to watch for a two-toned Mercury automobile. The Brenham sheriff's office, in turn, notified the office of the sheriff of Fayette County to be on the lookout for such a car occupied by six colored people who were wanted for stealing a radio from Henry Sanders' store. Although Albers had given Sanders the license number of the automobile, there is no testimony that Sanders advised the officers the number.

In answer to that call, Flournoy, the sheriff of Fayette County, sent his deputy, Prilop, in the direction of Brenham to apprehend the car. Prilop sighted a Mercury automobile and notified Flournoy to head it off. He (Flournoy) stopped the car, wherein were six colored people, one of whom was the appellant. A search of the automobile followed, but no radio or stolen property was found therein.

Deputy Sheriff Prilop was directed to make a search along the highway for a radio. At a point between where he had first sighted the car and the city of LaGrange he found a radio on the side of the highway and also found four pairs of trousers which it developed had been stolen from another business firm in LaGrange about a week prior.

It is upon this testimony that this conviction rests.

The insufficiency of the evidence to support the conviction is apparent, for the following reasons:

(1) The witness Albers, who was the only person to see the parties in the store, did not identify the persons arrested with the appellant as being those or any of those he saw in the store. (2) Albers did not identify the car in which the appellant and others were riding when arrested as the car he saw in front of the store and in which the parties drove away. (3)

Notwithstanding the fact that Albers secured the license number of the car he saw, there is no testimony that the car apprehended bore that license number. (4) Sanders, the alleged owner of the stolen property, did not identify the radio found by the side of the road as that which was stolen from him. (5) There is no testimony showing appellant, or any one in the car with him, in the possession of recently stolen property.

The facts being insufficient to support the conviction, the judgment is reversed and the cause is remanded.

Opinion approved by the court.